IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| SOLYNDRA LLC, 360 DEGREE SOLAR HOLDINGS, INC., | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM IN SUPPORT OF THE**
**UNITED STATES' MOTION FOR STAY**

Respectfully submitted,

KATHRYN KENEALLY
Assistant Attorney General

CHARLES M. OBERLY, III
United States Attorney

ELLEN W. SLIGHTS
Assistant U.S. Attorney

/s/ Anne E. Oliver
ANNE E. OLIVER
Attorney, Tax Division
U.S. Department of Justice
P.O. Box 403
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-9806
Facsimile: (202) 514-6866
Email: Anne.E.Oliver@usdoj.gov

November 1, 2012

# TABLE OF CONTENTS

Page

Preliminary Statement . . . . . . . . . . 1

Procedural History . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . 2

I. The United States is Likely to Prevail on the Merits . . . . . . . . . . 3

II. The United States Will Suffer Irreparable Harm Absent a Stay . . . . . . . . . . 4

III. The Plan Sponsors Will Not Encounter Substantial Injury Under a Stay . . . . . . . . . . 5

IV. The Public Interest Will be Served by a Stay . . . . . . . . . . 6

Conclusion . . . . . . . . . . 6

**TABLE OF AUTHORITIES**

Page

**CASES**

*Fox Sports Net West 2, LLC v. Los Angeles Dodgers, LLC (In re Los Angeles Dodgers, LLC)*, 465 B.R. 18, 36-37 (D. Del. 2011) . . . . . 5

*Honeywell Int'l, Inc. v. Universal Avionics Sys. Corp.*, 397 F. Supp. 2d 537 (D. Del. 2005) . . 2

*In re Columbia Gas Sys.*, No. 92-127, 1992 U.S. Dist. LEXIS 3253 (D. Del. March 10, 1992) . . . . . 3

*Nordhoff Investments, Inc. v. Zenith Elecs. Corp.*, 258 F.3d 180, 185 (3d Cir. 2001) . . . . . 5

*Republic of Philippines v. Westinghouse Elec. Corp.*, 249 F.2d 653 (3d Cir. 1991) . . . . . 2, 5

*Tristrata Tech. Inc. v. ICN Pharms., Inc.*, No. 01-150, 2004 U.S. Dist. LEXIS 6557, at *6 (D. Del. Apr. 12, 2004) . . . . . 2

**STATUTES**

11 U.S.C. § 1129 . . . . . 1, 3, 4

Fed. R. Bankr. P. 8005 . . . . . 2

## PRELIMINARY STATEMENT

The United States, on behalf of the Internal Revenue Service, filed an objection to the confirmation of the Debtors' Amended Joint Chapter 11 Plan (the "Plan") under 11 U.S.C. § 1129(d) on the basis that the principal purpose of the Plan was tax avoidance. The Bankruptcy Court overruled the objection and entered the Confirmation Order. (A copy of the Confirmation Order is attached as Exhibit A.) The Confirmation Order provides for a 10-day stay, through November 1, 2012, pending a further entry of a stay by the District Court. The United States has filed an appeal of the Confirmation Order, and now moves the Court for a further stay of the Confirmation Order while the appeal is pending. (A copy of the Notice of Appeal is attached as Exhibit B.)

A stay is necessary in this case because, without a stay, the United States risks the possibility that its pending appeal is rendered moot under the doctrine of equitable mootness. A stay is appropriate in this case because the United States has a likelihood of success on the merits; the appeal may become equitably moot if a stay is not granted; the issuance of the stay will not substantially injure the other parties to the bankruptcy proceeding; and the public interest will be served by a stay.

## PROCEDURAL HISTORY

On September 7, 2012, the Debtors filed the Plan. The United States, on behalf of the Internal Revenue Service, filed an objection to the confirmation of the Plan under 11

U.S.C. § 1129(d) on the basis that the principle purpose of the Plan was tax avoidance.[1] The Debtors, the Official Committee of Unsecured Creditors, and Argonaut Venture I LLC ("Argonaut") filed responses in opposition to the United States' objection. On October 17 and 22, 2012, the Bankruptcy Court held the confirmation hearing, at which evidence was presented and oral arguments were made. On October 22, 2012, the Bankruptcy Court overruled the United States' objection and entered the Confirmation Order. The Confirmation Order provides that it is stayed for 10 days, and that any further stays must be ordered by the District Court.

**ARGUMENT**

The issuance of a stay pending appeal is governed by Fed. R. Bankr. P. 8005. To demonstrate that a stay pending appeal is justified, the moving party must establish: (1) a strong showing of likelihood of success on the merits; (2) irreparable harm absent a stay; (3) that issuance of the stay will not substantially injure the other parties to the proceeding; and (4) that a stay is in the public interest. *Republic of Philippines v. Westinghouse Elec. Corp.*, 249 F.2d 653, 658 (3d Cir. 1991). "[E]qual weight for each factor is not required since the formula cannot be reduced to a set of rigid rules." *Honeywell Int'l, Inc. v. Universal Avionics Sys. Corp.*, 397 F. Supp. 2d 537, 547 (D. Del. 2005) (internal quotations omitted). *See also Tristrata Tech. Inc. v. ICN Pharms., Inc.*, No. 01-150, 2004

[1]Separately, the Department of Justice, Civil Division, filed an objection to confirmation on behalf of the Department of Energy, and the Office of the U.S. Trustee filed an objection to confirmation on behalf of the U.S. Trustee.

U.S. Dist. LEXIS 6557, at *6 (D. Del. Apr. 12, 2004) ("A court is not required to give equal weight to each factor; instead, courts should use a flexible balancing approach.").

Normally, a motion for a stay of the order of a bankruptcy judge must be presented to the bankruptcy judge in the first instance. Fed. R. Bankr. P. 8005. However, a motion for a stay may also be made to the district court if the motion shows why the relief was not obtained from the bankruptcy judge. *Id.* Here, as discussed above, the Confirmation Order entered by the Bankruptcy Court explicitly states that any stay beyond the initial 10 days must be obtained from the District Court.

## I. The United States is Likely to Prevail on the Merits.

Likelihood of success on the merits means that a movant has a substantial case, or a strong case on appeal. *In re Columbia Gas Sys.*, No. 92-127, 1992 U.S. Dist. LEXIS 3253, at *4 (D. Del. March 10, 1992). Here, the United States demonstrated by substantial and unrefuted evidence that the principal purpose of the Plan was tax avoidance, and, therefore, it could not be confirmed under 11 U.S.C. § 1129(d). Specifically, the United States showed that the Plan proposed to liquidate the Debtors' only operating business, while preserving intact a mere shell corporation without employees, tangible assets, or business operations. Under the Plan, the shell would emerge from bankruptcy - - without employees, tangible assets, or active business - - but with potential control over nearly $1 billion of tax attributes, mostly consisting of net operating losses, or NOLs. These NOLs could then be used to shelter future income from other ventures of the owners of the shell to avoid paying future income taxes. The

United States demonstrated that, although the Plan has many purposes, the principal purpose is this avoidance of future taxes.

The Bankruptcy Court concluded that "the bankruptcy and the plan of reorganization deal with many other things other than the value of the NOLs, or the preservation of the NOLs." There are, we submit, multiple errors in the Bankruptcy Court's holding. First, the Bankruptcy Court erred in concluding that the test under section 1129(d) is whether the Plan has legitimate purposes, instead of determining whether the principal purpose is tax avoidance. Second, the Bankruptcy Court provided no analysis of the various purposes of the Plan, or give weight to be accorded each of them, in order to determine that tax avoidance was not the principal purpose. Third, the Bankruptcy Court did not identify a principal purpose of the Plan, other than tax avoidance. Fourth, as the United States demonstrated, many of the Plan purposes could be accomplished without the existence of the Plan, through a Chapter 7 liquidation. Finally, the Bankruptcy Court committed clear error when it found that the Plan "neither enhanc[es] nor affect[s] any of the rights of the parties to the NOL," when in fact the Plan is crucial to the preservation of the NOLs, which would otherwise be lost if the shell were to liquidate.

The undisputed evidence before the Bankruptcy Court demonstrated that the principal purpose of the Plan, which allows the owners of the shell to exit bankruptcy with NOLs which can be used to shelter future income, is tax avoidance. For the reasons stated above, the United States has a strong likelihood of success on the merits.

## II. **The United States Will Suffer Irreparable Harm Absent a Stay.**

The United States' objection to confirmation, if sustained on appeal, would result in the revocation of the Confirmation Order. If a further stay is not granted, the Debtors and Plan Sponsors could argue that any actions taken to implement the Plan could equitably moot the appeal. Although the United States would disagree with this position, it is nonetheless well aware that an equitable mootness argument can be fatal by mooting the appeal before the issues are even heard.

Equitable mootness "prevents a court from unscrambling complex bankruptcy reorganizations when the appealing party should have acted before the plan became extremely difficult to retract." *Nordhoff Investments, Inc. v. Zenith Elecs. Corp.*, 258 F.3d 180, 185 (3d Cir. 2001). As the Third Circuit has noted, the fact that the decision on a stay may be dispositive of the appeal is a factor that the court must consider in determining whether irreparable harm will result from the denial of the stay. *Republic of Philippines*, 249 F.2d at 658. In a recent decision, this Court acknowledged that to the extent there is any risk of equitable mootness, it supports a finding of irreparable harm. *Fox Sports Net West 2, LLC v. Los Angeles Dodgers, LLC (In re Los Angeles Dodgers, LLC)*, 465 B.R. 18, 36-37 (D. Del. 2011). Here, a stay is needed to prevent the Debtors from implementing the Plan during the appeal, thereby potentially causing irreparable harm to the United States.

**III. <u>The Plan Sponsors Will Not Encounter Substantial Injury Under a Stay.</u>**

The Plan Sponsors will not face substantial injury if the Court enters the stay. Argonaut and Madrone, in addition to being the Plan Sponsors, are also the providers of the DIP Financing, which the Debtors are currently using to operate. There is no reason to believe that the Debtors' operating costs are any different now than they would be if the Plan was in effect. And under either scenario, the same parties are paying the Debtors' operating costs, the only difference is the manner under which they provide them, *i.e.*, as funds provided by the Plan Sponsors as DIP Financing versus funds provided by the Plan Sponsors as Plan financing. As a result, the Plan Sponsors will not encounter substantial injury under a stay. Additionally, because the Plan Sponsors are bearing the Debtors' costs under any scenario, the Debtors are also not impacted by a stay.

**IV. <u>The Public Interest Will be Served by a Stay.</u>**

The public has a strong interest in this case, because the confirmation of the Plan allows the Plan Sponsors to exit bankruptcy with potential control of almost $1 billion of NOLs that could be used to shelter future income from taxes. It is, therefore, in the public interest to permit an appeal of the Confirmation Order, where there is strong evidence that the principal purpose of the Plan is tax avoidance. Additionally, the public interest is served if the United States has the opportunity to appeal according to the Bankruptcy Code and Rules. Its ability to challenge the Confirmation Order should not be cut short by an end-run by which the appeal is moot by virtue of implementation

of the very order it is challenging. Therefore, the public interest will be served by a stay.

**CONCLUSION**

For the reasons stated above, the United States requests the Court grant the United States' Motion for Stay.

November 1, 2012

Respectfully submitted,

KATHRYN KENEALLY
Assistant Attorney General

CHARLES M. OBERLY, III
United States Attorney

ELLEN W. SLIGHTS
Assistant U.S. Attorney

/s/ Anne E. Oliver
ANNE E. OLIVER
Attorney, Tax Division
U.S. Department of Justice
P.O. Box 403
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-9806
Facsimile: (202) 514-6866
Email: Anne.E.Oliver@usdoj.gov